NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LUIS ANTONIO GONZALEZ-FLORES, AKA Antonio Luis Gonzales, AKA Antonio Gonzalez, AKA Luis Antonio Gonzalez, AKA Luis Antonio Gonzolez, | No.    16-70072 |
| | Agency No. A092-620-418 |
| Petitioner, | MEMORANDUM* |
| v. | |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020**

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Luis Antonio Gonzalez-Flores, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012). We deny the petition for review.

The agency did not err in concluding that *Matter of Leal*, 26 I. & N. Dec. 20 (BIA 2012), which held that a conviction for felony endangerment under Arizona Revised Statutes § 13-1201 is categorically a crime involving moral turpitude, applies retroactively. *See Olivas-Motta v. Whitaker*, 910 F.3d 1271, 1276-79 (9th Cir. 2018) (concluding that *Matter of Leal* did not represent a change in the law and therefore applies retroactively).

We deny Gonzalez-Flores's motion to terminate or remand where his contention that the agency lacked jurisdiction is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to appear need not include time and date of hearing to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW DENIED.**